# Knight v. Alabama Midland Railway Company.

## Action of Ejectment.

1. *Title to support ejectment; construction of deed for right of way.*— Plaintiff and his wife executed to the trustee of a railroad company about to be formed a deed of the right of way over plaintiff's land for a railroad "from M., Ala., by A., Ala., to C., Fla., or other points in southeast Ala. or Fla.," provided that the road should be built within three years from a certain date. The company was incorporated, and within three years built a road over a right of way granted in the deed, from M. by A. to L., a station south of M., and in the direction of C. *Held,* that L. was in "southeast Ala.," within the meaning of the deed, and hence plaintiff could not recover in ejectment against the company owning and operating the road.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This was a statutory action of ejectment instituted by T. D. Knight against the Alabama Midland Railway Company, on May 19, 1890, and sought to recover a portion of the defendant's right of way, which was specifically described in the complaint.

The cause was tried upon an agreed statement of facts, of which the following are material to the cause here on appeal :

On April 10th, 1886, the plaintiff owned the land sued for in this action together with his wife, and on that day

executed the following deed : ''Know all men by these presents, that whereas the formation of an incorporated railway company for the building of a line of railway from Montgomery, Alabama, by Ada, Alabama, to Chattahoochee, Florida, or other point in southeast Alabama or Florida, is contemplated by certain citizens of Alabama and of New York, upon condition that certain donations of land are made and other benefits are granted to aid in its construction, which said railway company will be known and called the Montgomery & Florida Railway Company. And whereas, we, T. D. Knight, and D. A. Knight of said county, desiring to aid in the building of said road, and desiring that said line of road when built shall pass over my lands, or as near my lands in said county as possible ; now, therefore, in consideration of the premises, and in order to encourage and promote the organization of such a company to build such a railway, and to aid the building of such a railway by any such company as may be organized for the purpose of building it, and as an inducement and aid to such company to construct its line of railway upon and across my premises, or as near thereto as practicable, and in further consideration of ten dollars to me in hand paid by V. B. Watson, trustee, the receipt whereof is hereby acknowledged, we, the aforesaid T. D. Knight and D. A. Knight, his wife, do hereby grant, bargain, sell and convey unto the said Watson, as trustee for such railway company as is contemplated herein and referred to above, in the county of ———, a right of way for said railway over and across any or all of my lands, in Montgomery county in said State, seventy-five feet on each side from the centre of the track and road-bed, to be selected and located by such company, with the right and privilege of entering upon and using said right of way and all earth, timber, and trees thereupon for the construction of said railway. If said railway is built across my said lands, the said company shall have the right to fell any trees outside of the right of way, which in its judgment shall in any manner injure its road-bed or tracks, by shading the same or otherwise, and to cut all necessary ditches to properly drain and protect said road-bed and track and right of way, and to divert any stream flowing on said' right of way for the same purpose, and to use the dirt or stone on the land adjacent to construct a

road-bed. If said railway passes upon or near my said lands, the privilege of using any stream or lake of water on the same, or the lands adjacent, for uses of said railway, and of crossing my lands to convey the water to the railway, provided the water is not taken from more than half a mile from said railway. To have and to hold the real estate, rights of way, the rights and uses of water, and other privileges hereby conveyed unto the said V. B. Watson, trustee, as aforesaid, his successors in trust and assigns forever in fee-simple. When said railway company is organized the said V. B. Watson, trustee, shall, without delay and upon request of said company, execute and deliver to said company in its corporate name, its successors and assigns, a conveyance investing them with the rights, title, and interest to and in the property, grants, and privileges hereby conveyed and bestowed just as it is by this conveyance vested in such trustee, named herein. This deed shall also be void and of no effect if said railway is not constructed within three years from the first day of July, 1886."

The Montgomery & Florida Railway Company, having been duly incorporated under the general incorporation laws of the State of Alabama, built, equipped and operated a railroad in a due southerly direction from Montgomery, Alabama, via Ada to Luverne, a station 51 miles south of Montgomery in the direction of Chattahoochee, Florida, or other point in southeast Alabama or Florida. This road was built by the Montgomery & Florida Railway Company, was constructed over and along the right of way mentioned in the deed from plaintiff to Watson as trustee, and the right of way as selected by said railway company and occupied by it was seventy-five feet wide on each side from the centre of its track. After the Montgomery & Florida Railway Company had built and equipped the road, and it was being operated via Ada to Luverne, as aforesaid, all its rights, franchises, tracks, road-bed, rolling stock, rights of way, equipments, lands and appurtenances (including the estate here sued for) were sold, at public out-cry under a foreclosure decree of the United States Circuit Court to satisfy a first mortgage bonded indebtedness thereon. Said Knight never interposed any objection whatever to said sale, and never made known or asserted to said purchasers any right, title, claim or

interest whatsoever to any of the estate here sued for. Shortly after said purchase, the purchasers of said railroad, in the mode prescribed by statute, incorporated and organized the North West & Florida Railroad Company as the successors and assigns of the Montgomery & Florida Railway Company, and operated the said road between its terminal points, Montgomery and Luverne until July, 1889. In July, 1889, the Alabama Midland Railway Company, incorporated and duly organized under the laws of Alabama, purchased the property and franchises of the North West & Florida Railroad Company and consolidated the two roads, in the manner prescribed by statute, under the name of The Alabama Midland Railway Company; and still operates the branch of this road from the city of Montgomery to Luverne.

On the 16th day of June, 1890, the said V. B. Watson, as trustee, executed to the Alabama Midland Railway Company a deed conveying the right of way conveyed by T. D. Knight and wife to V. B. Watson as trustee. The said Montgomery & Florida Railway Company, The North West & Florida Railroad Company and the Alabama Midland Railway Company continuously in the order named, and as the successors and assigns the one of and to the other, have in good faith held actual, open, notorious possession of the land conveyed as a right of way and the interest therein sued for in this action from April 10th, 1886, up to and including the day of the trial, which was in 1891—a period of more than three years before the commencement of this suit.

Upon this agreed statement of facts the plaintiff requested the court to give the general affirmative charge in his behalf, and duly excepted to the court's refusal to give said charge. The court at the request of the defendant gave the following written charge to the jury: "If they believe all the evidence they must find for the defendant." To the giving of this charge the plaintiff duly excepted.

There was judgment for defendant, plaintiff appeals, and assigns as error the refusal of the court to give the general affirmative charge in his behalf, and giving the charge requested by defendant.

WATTS & SON and ARRINGTON & GRAHAM, for appellant, cited 2 Washburn on Real Property, pages 13–17;

*Ludlow v. New York & H. R. R. R. Co.*, 12 Barb. 440; *Nicoll v. N. Y. & E. R. R. Co.*, 2 Kernan 121; *Hayden v. Stoughton*, 5 Pick. 528; *Allen v. Howe*, 105 Mass. 241; 11 Paige 427; *Sperry v. Miller*, 8 N. Y. 336; *McKelway v. Seymour*, 5 Dutch. 329.

A. A. WILEY, *contra*, cited *Hammond v. Port Royal & Augusta Ry. Co.*, 11 Amer. & Eng. R. R. Cas. 371; *Latimer v. New Orleans, Jackson & Grt. Northern R. R. Co.*, 16 La. Ann. 79; *Chicago Ry. Co. v. Minn. Cent. R R. Co*, 10 Amer. & Eng. R. R. Cas. 234; *Lehman, Durr & Co. v. Robinson*, 59 Ala. 234–35; *Nicoll v. N. Y. & E. R. R. Co.*, 12 N. Y. 121.

McCLELLAN, J.—We hold that the town of Luverne is "in Southeast Alabama" within the terms of the deed from Knight to Watson, trustee &c.; and that the building within three years from the date thereof of the "Montgomery and Florida" railroad by the town of Ada to that point was a compliance with the condition subsequent contained in said deed, the purpose of which was to avoid the conveyance in the event a railroad was not built within the time mentioned "from Montgomery, Alabama, to Chattahoochie. Florida, or some other point *in Southeast Alabama* or Florida"; the fact being that the land involved is situate along the line of said road as built between Luverne and Montgomery.

Affirmed.